UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )   No. 1:24-cv-00323-LEW<br>) |
| T&G LLC d/b/a<br>I CARE PHARMACY,<br>and TERRY L. GREENIER | )<br>)<br>)<br>) |
| Defendant | ) |

**ORDER ON MOTION FOR ALTERNATIVE SERVICE**

Before me is the plaintiff AmerisourceBergen Drug Corporation's motion for an order authorizing it to serve process on the defendant Terry L. Greenier by alternative means; specifically, by certified mail and by email. *See* Motion for Alternative Service (ECF No. 7) at 1. For the following reasons, the motion is granted.

**I. LEGAL STANDARD**

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Wells Fargo Bank, N.A. v. Dodge,* No. 2:22-cv-00412-LEW, 2024 WL 1309377, at *1 (D. Me. Mar. 27, 2024) (quoting *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016))

1

(citing Fed. R. Civ. P. 4(e)(2)). "Service may also be accomplished 'by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made.'" *Id. (*quoting *Edson,* 2016 WL 3257003, at \*2) (citing Fed. R. Civ. P. 4(e)(1)).

Maine law permits service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To satisfy that standard, the movant must submit "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (2) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and that (3) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

Maine allows alternate service to be made "by leaving a copy of the order authorizing service by alternate means, the summons, complaint, and notice regarding Electronic Service at the defendant's dwelling house or usual place of abode," "by publication unless a statute provides another method of notice," or "electronically or by any other means not prohibited by law." Me. R. Civ. P. 4(g)(1).

2

## II. BACKGROUND

The present action concerns the recovery of unpaid debts allegedly owed by Greenier and the defendant T&G LLC to AmerisourceBergen pursuant to a November 2019 credit agreement. *See* Motion for Alternative Service at 2. Greenier owns T&G and personally guaranteed its obligations under the credit agreement. *Id.*

AmerisourceBergen completed service on T&G through its registered agent in October 2024,[1] but has been unable to serve Greenier. *Id.* AmerisourceBergen has made four attempts to personally serve Greenier, through a deputy of the Penobscot County Sheriff's Office, by leaving a copy of the complaint and summons at 16 Middle Street in Orono, his last known address. *Id; see also* Affidavit of Adam Prescott, Esq. (ECF No. 7-1) ¶ 4. The deputy did not succeed in making contact with Greenier on these occasions, but she observed that a business card she had left behind on the second visit was gone by the fourth visit, and there were security cameras on the property that would have captured her presence. *See* Affidavit of Deputy Sheriff Patricia McLaughlin (ECF No. 7-2) at 2. The deputy also attempted to reach Greenier through several phone numbers, none of which worked, and through Facebook messenger, but chats were temporarily unavailable. *Id.*

## III. DISCUSSION

AmerisourceBergen seeks to alternatively serve Greenier by sending a copy of the summons and complaint to the email address listed on the credit agreement, and

---

[1] On November 1, 2024, the Court granted AmerisourceBergen's motion for an entry of default against T&G as a result of its failure to timely file an answer or otherwise respond to the complaint. *See* Order Granting Motion for Entry of Default (ECF No. 9). AmerisourceBergen then filed a motion for default judgment against T&G, which remains pending. *See* Motion for Default Judgment (ECF No. 10).

3

by certified mail to his last known address. *See* Proposed Order (ECF No. 7-3) at 1-2; *see also* Prescott Affidavit ¶¶ 3-4. I find that AmerisourceBergen has shown that, in light of the efforts already taken, service of Greenier "cannot with due diligence be made by another prescribed method," and that the requested methods of alternative service are both reasonably calculated and the most practical means of providing Greenier actual notice of this action. *See* Me. R. Civ. P. 4(g)(1).

Although further steps could arguably have been taken to obtain personal service, the likelihood that Greenier received actual notice of the summons and complaint as a result of the steps already taken by AmerisourceBergen justifies service by alternative means. *See* Me. R. Civ. P. 4(g)(1)(A)-(B); *see also MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 163 (D. Me. 2009) (explaining that the sufficiency of the plaintiff's attempts to effectuate service "depends on the factual circumstances of the case"). Moreover, because T&G's registered agent was served, it is likely that Greenier, T&G's sole owner, has actual knowledge of this suit and is avoiding service of process. *See* Me. R. Civ. P. 4(g)(1)(B).

## IV. CONCLUSION

Accordingly, AmerisourceBergen's motion for alternative service is **GRANTED**. Within thirty (30) days of the entry of this order, AmerisourceBergen shall serve Greenier by emailing a copy of the summons and complaint, along with a copy of this order, to Greenier's email address, and shall send the same by certified mail to 16 Middle Street, Orono, ME 04473. AmerisourceBergen shall file an affidavit demonstrating compliance with this order once service on Greenier is complete.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: November 14, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

5